UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JODY L. SAMUEL,

                          Plaintiff,

        v.

TOWN OF CHEEKTOWAGA,
CHEEKTOWAGA POLICE DEPARTMENT,
CHRISTINE M. ZIEMBA, Chief of Police,
OFFICER NEIL HELD, BADGE # 891,
 Individually and in his official capacity as a
 Town of Cheektowaga Police Officer,
OFFICER HEBELER, BADGE # 895    ,
 Individually and in his official capacity as a
 Town of Cheektowaga Police Officer,
OFFICER BERECZ, SUPERVISOR # 458,
 Individually and in his/her official capacity as a
 Town of Cheektowaga Police Officer,
OFFICERS JOHN DOES and JANE DOES,
 Individually and in their official capacities as
 Town of Cheektowaga Police Officers,
KELLER CHEVROLET, INC.
MICHAEL E. GUINDON,
RONALD DERK, and
TOWING COMPANY and TOW TRUCK DRIVER,

                    Defendants.

_____

**REPORT
and
RECOMMENDATION**

**09-CV-381A(F)**

APPEARANCES:        BARTLO, HETTLER & WEISS
                              Attorneys for Plaintiff
                              SARAH E. HANSEN and
                              YVONNE S. TRIPI, of Counsel
                              22 Victoria Boulevard
                              Kenmore, New York 14217

                              DAMON & MOREY LLP
                              Attorneys for Defendants Town of Cheektowaga,
                               Cheektowaga Police Department, Ziemba,
                               Held, Hebeler, Berecz, John Does, and Jane Does
                              BRIAN A. BIRENBACH, of Counsel
                              200 Delaware Avenue,  Suite 1200
                              Buffalo, New York 14202

## JURISDICTION

This action was referred to the undersigned by Honorable Richard J. Arcara, on April 29, 2009, for pretrial matters, including Report and Recommendation on dispositive motions.[1] The matter is presently before the court on Plaintiff's motion to remand (Doc. No. 5), filed May 5, 2009.

## BACKGROUND and FACTS[2]

Plaintiff Jody L. Samuel ("Samuel" or "Plaintiff"), commenced this action on March 17, 2009, by filing a summons and complaint in New York Supreme Court, Erie County ("state court"), seeking compensatory and punitive damages from Defendants for alleged violations of Plaintiff's civil rights under 42 U.S.C. § 1983, and Article 1 § 12 of the New York State Constitution, and conspiracy to violate Plaintiff's civil rights under 42 U.S.C. § 1985, all based on alleged violations of Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and various state laws including failure to train, failure to supervise, defamation, false detention and imprisonment, and deceptive business practices. Defendants to this action include the Town of Cheektowaga ("the Town"), the Town's Police Department ("the Police"), Police Chief Christine M. Ziemba ("Ziemba"), Police Officers Neil Held ("Held"), Hebeler ("Hebeler"), John Does and Jane Does ("the Doe Defendants"), and Police Supervisor Berecz ("Berecz") (together, "the Cheektowaga Defendants"), Keller Chevrolet, Inc.

---

[1] A motion to remand is considered to be dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008).

[2] The Facts are taken from the pleadings and motion papers filed in this action.

("Keller Chevrolet"), Michael E. Guindon ("Guindon"), and Ronald Derk ("Derk") (together, "the Keller Defendants"), Towing Company and Tow Truck Driver (together, "the Tow Truck Defendants").

Plaintiff specifically alleges that the Keller Defendants unlawfully enticed Plaintiff into purchasing a vehicle by using deceptive, false, and "bait and switch" advertising tactics, and that, following Plaintiff's purchase of the vehicle, the Keller Defendants conspired with the Cheektowaga Defendants, acting under color of state law, to violate Plaintiff's civil rights. In particular, the Keller Defendants and Cheektowaga Defendants allegedly sent multiple, marked police vehicles to Plaintiff's residence where armed police officers confronted Plaintiff, accusing Plaintiff providing false information in applying for the financing Plaintiff obtained to purchase the vehicle, thereby stealing the vehicle, refused to consider Plaintiff's proffered proof of ownership of the vehicle, and repossessed the vehicle. It is undisputed that Plaintiff was never criminally charged in connection with the incident.[3]

On March 17, 2009, Plaintiff commenced this action by filing a summons and Complaint in state court. Service of the summons and Complaint was made on the Keller Defendants on March 26, 2009, with personal service on Defendants Derk and Guindon, and service on Keller Chevrolet by serving Keller Chevrolet's owner, Charles Keller. Service of the summons and Complaint was also made on the Cheektowaga Defendants on March 26, 2009, with service on the Town and the Police Department made by delivery to a personal of suitable age and discretion and service on the

---

[3] There are no allegations against the Tow Truck Defendants.

individual Cheektowaga Defendants made by delivery to a person of suitable age and discretion at their actual place of business, followed by mailing a copy of the summons and Complaint to the Police Department on March 31, 2009. It is undisputed that the Tow Truck Defendants have not been served. Affidavits of Service on both the Keller Defendants and the Cheektowaga Defendants were filed in the Erie County Clerk's Office on April 2, 2009.

On April 3, 2009, the Keller Defendants filed an Answer with affirmative defenses. On April 15, 2009, the Cheektowaga Defendants filed an Answer. On April 21, 2009, the Cheektowaga Defendants, by Notice of Removal (Doc. No. 1) ("Removal Notice"), removed the action from state court to this court. Neither the Keller Defendants nor the Tow Truck Defendants have joined in the removal.

On May 5, 2009, Plaintiff moved to remand the matter to state court ("Plaintiff's motion"). Plaintiff's motion is supported by the Attorney Sarah E. Hansen Affidavit in Support of Notice of Motion to Remand Action to State Court (Doc. No. 5-2) ("Hansen Affidavit"), and exhibits A through E ("Plaintiff's Exh(s). __"). On May 29, 2009, the Cheektowaga Defendants filed in opposition to remand the Declaration of Brian A. Birenbach, Esq. (Doc. No. 8) ("Birenbach Declaration"), and the Memorandum of Law in Opposition to Motion to Remand (Doc. No. 9) ("Cheektowaga Defendants' Memorandum"). On June 4, 2009, Plaintiff filed in further support of remand the Reply Affirmation of Sarah E. Hansen in Support of Plaintiff's Motion to Remand (Doc. No. 10) ("Hansen Reply Affirmation"), and Plaintiff's Memorandum of Law in Support of the Motion to Remand (Doc. No. 11) ("Plaintiff's Reply Memorandum"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion to remand should be GRANTED, with

costs, including attorneys' fees, awarded to Plaintiff.


## DISCUSSION

**1.    Remand**

Removal of a state court proceeding to federal court is provided for under 28

U.S.C. § 1441(a) ("§ 1441(a)"), which states in pertinent part

> any civil action brought in a State court of which the district courts of the United
> States have original jurisdiction, may be removed by the defendant or the
> defendants to the district court of the United States for the district and division
> embracing the place where such action is pending.

Pursuant to 28 U.S.C. § 1441(b) ("§ 1441(b)"), actions asserting claims arising under

federal law are removable regardless of a defendant's citizenship because 28 U.S.C. §

1331 grants federal courts "original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States."

The removal statute is construed according to federal law.  *Syngenta Crop*

*Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *In re Methyl Tertiary Butyl Ether*

*("MTBE") Products Liability Litigation*, 488 F.3d 112, 124 (2d Cir. 2007) ("MTBE").

Because federal courts are courts of limited jurisdiction, and as removal of a case

raises issues of federalism, removal statutes are narrowly construed and doubts are

resolved against removal.  *MTBE*, 488 F.3d at 124.  A defendant may remove an action

originally filed in state court only if the case originally could have been filed in federal

court, as in the case of federal question, and that defendant bears the burden of

showing the propriety of that removal.  *Grimo v. Blue Cross/Blue Shield of Vermont*, 34

F.3d 148, 151 (2d Cir. 1994).

In the instant case, it is undisputed that Plaintiff's federal claims, *i.e.*, the civil rights claims asserted pursuant to 42 U.S.C. §§ 1983 and 1985, provide federal question jurisdiction supporting the action's removal from state court.  What is disputed, however, is whether the Keller Defendants were required to join in or consent to the removal by the Cheektowaga Defendants, as Plaintiff argues in support of remand. Hansen Affidavit ¶¶ 5-6, 35-40.  Plaintiff further asserts, and the Cheektowaga Defendants do not dispute, that the papers filed by the Cheektowaga Defendants in removing the action to this court establish that the Cheektowaga Defendants never gave the Keller Defendants notice of the intention to remove, nor invited the Keller Defendants to join in the removal.  Hansen Affidavit ¶¶ 15-19, 35-40.

On a motion to remand, "the burden falls squarely upon the removing party to establish its right to a federal forum . . . ." *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979); *see Grimo*, 34 F.3d 148, 151 (2d Cir. 1984) (observing that when removal is challenged, the removing party "bears the burden of establishing the propriety of removal").  Generally, all defendants must join in removal. *See Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring) ("Removal requires the consent of all of the defendants" (citing *Chicago R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 248 (1900))).  This "rule of unanimity" requires all served defendants to consent to removal within the statutory 30-dat period in which removal may be made.[4]  *Piacente v. State University of New York at*

---

[4] Joinder in removal was not required of the Doe Defendants, nor of the Tow Truck Defendants, none of whom were served.  *Piacente*, 362 F.Supp.2d at 384 n. 3.

*Buffalo*, 362 F.Supp.2d 38, 384 n. 2 (W.D.N.Y. 2004). There are, however, three

exceptions to the rule of unanimity, including

> (1) the nonjoining parties have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; [or] (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)."

*Varela v. Flintock Constr. Inc.*, 148 F.Supp.2d 297, 300 (S.D.N.Y. 2001).

In the instant case, the Cheektowaga Defendants relied on the federal civil rights

claims asserted against the Cheektowaga Defendants as the basis for federal question

jurisdiction supporting removal of the action.  Notice of Removal ¶¶ 5-7.  In opposition

to Plaintiff's motion, the Cheektowaga Defendants maintain the Keller Defendants were

not required to join in or consent to removal because no federal claim is alleged against

the Keller Defendants.  According the Cheektowaga Defendants, because no federal

claim is alleged against the Keller Defendants, and because the Keller Defendants are

not diverse, the Keller Defendants have no right to remove the action to federal court

and, therefore, need not join in or consent to the removal.  Cheektowaga Defendants'

Memorandum at 2-3.  In further support of remand, Plaintiff correctly maintains that

Plaintiff's federal civil rights claims are asserted against both the Cheektowaga

Defendants and the Keller Defendants, specifically pleading a conspiracy between

Cheektowaga Defendants and Keller Defendants to deprive Plaintiff of her property

through the unlawful repossession of Plaintiff's vehicle.  Plaintiff's Memorandum at 4-6.

The Cheektowaga Defendants' failure to have the Keller Defendants join in or

consent to removal is based on the Cheektowaga Defendants' erroneous reading of the

Complaint which plainly alleges that the Cheektowaga Defendants and the Keller

Defendants conspired, pursuant to 42 U.S.C. § 1985, to deprive Plaintiff of her property without due process of law, in violation of Plaintiff's civil rights under § 1983. Complaint ¶ 34. Significantly, although the Keller Defendants are not state actors, private actors who conspire with state actors may be liable under § 1983. *See Pangburn v. Culbertson*, 200 F.3d 65, 71 (2d Cir. 1999) (§ 1983 conspiracy may be shown by, *inter alia*, an agreement between two or more state actors or between a state actor and a private entity); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (holding even if the state actors are absolutely immune from liability under § 1983, private parties who conspired with the state actors may be held liable for damages). As such, the Cheektowaga Defendants' were required to have the Keller Defendants either join in or consent to removal.

Furthermore, any joinder or consent to the removal by the Keller Defendants would now be untimely as more than 30-days have elapsed since March 26, 2009, the date of service on both the Keller Defendants and the Cheektowaga Defendants. *See Piacente*, 362 F.Supp.2d at 384 n. 2 (noting the "rule of unanimity" requires all served defendants to consent to removal within the statutory 20-day period in which removal may be made), and at 386-88 (discussing that time for removal in a multiple defendant case is calculated based on the date of service on the removing defendant, regardless of whether other defendants were served before or after the removing defendant). As such, the Cheektowaga Defendants' failure to have the Keller Defendants either join in or consent to the removal of the instant action to this court requires remand to state court, and this aspect of Plaintiff's motion should be GRANTED.

**2.     Costs**

Plaintiff requests, pursuant to 28 U.S.C. § 1447(c), an award of costs and reasonable attorney fees incurred in connection with Plaintiff's motion.  Hansen Affidavit ¶¶ 70- 75.  According to Plaintiff, "the impropriety of the removal in this matter should have been clear to the Cheektowaga Defendants, who filed a Notice of Removal that did not contain any consent to the removal by the Keller Defendants, nor any explanation for why the Notice was filed without such consent." *Id*. ¶ 75.  Plaintiff further asserts that the Removal Notice is "plainly defective in that it was not properly served on all of the parties to this action," and that the Cheektowaga Defendants' failure to comply with the mandates of 28 U.S.C. § 1446 and the Local Rules of Civil Procedure for the Western District of New York "unreasonably subjected Plaintiff to unnecessary litigation expenses." *Id*.  In opposition to Plaintiff's request, the Cheektowaga Defendants characterize Plaintiff's motion to remand and fee request as a "knee jerk" reaction and "procedural gamemanship" with "little place in civil litigation." Cheektowaga Defendants' Memorandum at 3.

Upon granting a motion to remand, district courts have discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  An award of costs and fees pursuant to 28 U.S.C. § 1447(c) does not require a finding of bad faith by the removing party.  *Morgan Guaranty Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 923-24 (2d Cir. 1992) (observing that when the removal statutes were amended in 1988, not only was no "bad faith" requirement added to the provision for awarding costs and attorneys' fees, but the former requirement that the case have been "removed improvidently" was

also deleted).  The Second Circuit has observed that a defendant may remove an

action from state court *ex parte* simply by filing in district court a signed notice of

removal, although

> [w]hile the simplicity of this procedure facilitates removal, it also exposes a
> plaintiff to the possibility of abuse, unnecessary expense and harassment if a
> defendant removes improperly, thereby requiring plaintiff to appear in federal
> court, prepare motion papers and litigate, merely to get the action returned to the
> court where the plaintiff initiated it.  Providing for attorneys' fees when granting a
> motion to remand serves the purpose of deterring improper removal, whereas
> awarding fees when denying a motion for remand does not.

*Circle Industries USA, Inc. v. Parke Const. Group, Inc.*, 183 F.3d 105, 109 (2d Cir.1999)
(*dicta*).

Costs have been awarded where the basis asserted for removal is contrary to

overwhelming authority.  *See Wallace v. Wiedenbeck*, 985 F.Supp. 288, 291 (N.D.N.Y.

1998) (awarding costs and attorney fees incurred in connection with remand motion

where defendant's counsel, who was experienced in federal court practice, asserted

removal basis that was contrary to overwhelming authority on each of three stated

grounds).  In fact, costs have been awarded simply where the removing defendants

have failed to establish any reasonable basis for removal and have, by attempting to

remove the case, delayed further action pending resolution of the remand motion.

*Ecology & Environment, Inc. v. Automated Compliance Systems, Inc.*, 2001 WL

1117160, *6 (W.D.N.Y. Sep't. 4, 2001).  *See also Thompson v. Williams*, 1998 WL

938778, *2-3 (E.D.N.Y. Nov. 20, 1998) (awarding costs incurred in connection with

remand motion where defendant failed to investigate whether there were any facts

supporting diversity as the asserted basis for removal).  Significantly, costs, including

attorney fees, have been awarded in a multi-defendant action based on the removing

defendant's failure, as here, to obtain the consent of all served defendants to the removal. *Zanghi v. Laborers' International Union of North America*, 2000 WL 743986, *1 (W.D.N.Y. June 6, 2000) (awarding costs and attorney fees incurred in connection with remand motion based on removing defendant's failure to obtain consent to removal of other properly joined and served defendants "in light of the obviousness of the non-removability of the instant action").

In this case, the asserted ground for removal is contrary to applicable law and established authority. Decision, *supra*, at 8. Further, a plain reading of the Complaint establishes the lack of any merit to the Cheektowaga Defendants' argument in support of removal, *i.e.*, that it was unnecessary to have the Keller Defendants join in or consent to removal because no federal claim had been asserted against the Keller Defendants. Even assuming, *arguendo*, that the Cheektowaga Defendants' assertion that no federal claim had been alleged against the Keller Defendants can properly be attributed to honest error on the part of the Cheektowaga Defendants, certainly after reading Plaintiff's papers in support of remand the Cheektowaga Defendants should have been aware of their error and offered to withdraw the Notice of Removal and consent to remand. As such, an award of costs, including attorneys' fees, is warranted and should be GRANTED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to remand (Doc. No. 5), should be GRANTED and the matter remanded to New York Supreme Court, Erie County, with an award of costs, including attorneys' fees, made to Plaintiff, who should be directed to file an affidavit of costs and attorneys fees incurred in connection with this motion.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     November 25, 2009
           Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

Thomas v. Arn, 474 U.S. 140 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); Wesolek v. Canadair Limited, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      November 25, 2009
            Buffalo, New York