UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JODY L. SAMUEL,

                Plaintiff,

      v.

TOWN OF CHEEKTOWAGA et al.,

                Defendants.

**DECISION AND ORDER**
09-CV-381A

---

On April 21, 2009, the Town of Cheektowaga and its affiliated co-defendants (the "Cheektowaga Defendants") removed this case to this Court from New York State Supreme Court, Erie County. On December 20, 2009, this Court adopted a Report and Recommendation from Magistrate Judge Leslie G. Foschio, remanding this case and directing plaintiff to file an affidavit of costs and attorney fees. Plaintiff filed that affidavit on December 22, 2009.[1]

When district courts need to calculate attorney fees, this Court has noted before that

---

[1] The Court subsequently directed the Cheektowaga Defendants to file any response to plaintiff's affidavit on or before January 15, 2010. The Cheektowaga Defendants did not file their three-page affidavit until five days after the deadline, on January 20, 2010. Additionally, the Cheektowaga Defendants did not cite to any authority in their affidavit to substantiate their conclusory assertion that the hours claimed by plaintiff "are not within reasonable bounds." (Dkt. No. 16 ¶ 8.) The Court thus will disregard the affidavit.

> A reasonable hourly rate is the "prevailing market rate," i.e., the rate "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *see also Cohen v. W. Haven Bd. of Police Comm'rs*, 638 F.2d 496, 506 (2d Cir. 1980) ("[F]ees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award."). The relevant community, in turn, is the district in which the court sits. *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).
>
> Determination of the "reasonable hourly fee" requires a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. *Farbotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005). This inquiry may include judicial notice of the rates awarded in prior cases, the court's own familiarity with the rates prevailing in the district, and any evidence proffered by the parties. *Id.* The fee applicant has the burden of showing by "satisfactory evidence" that the requested hourly rate is the prevailing market rate. *Blum*, 465 U.S. at 896 n.11.

*Fontana v. C. Barry & Assocs., LLC*, No. 06-CV-359, 2007 WL 2580490, at *2 (W.D.N.Y. Sept. 4, 2007) (Arcara, *J.*).

The Second Circuit revisited case law governing attorney fee calculations last year and explained that

> In [*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)], we undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time under the traditional "lodestar" approach to attorney's fees (the product of the attorney's usual hourly rate and the number of hours worked, which could then be adjusted by the court to set "the reasonable fee"), and the separate "*Johnson*" approach (a one-step inquiry that considered twelve specified factors to establish a reasonable fee). 493 F.3d at 114. Relying on the substance of both approaches, we set forth a standard that we termed the "presumptively reasonable fee." *Id.* at 118. We directed district courts, in calculating the presumptively reasonable fee, "to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness

of attorney's fees in setting a reasonable hourly rate." *Id.* at 117 (emphasis in original). The presumptively reasonable fee boils down to "what a reasonable, paying client would be willing to pay," given that such a party wishes "to spend the minimum necessary to litigate the case effectively." *Id.* at 112, 118.

*Simmons v. N.Y. Trans. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

Here, counsel for plaintiff has submitted a detailed affidavit specifying the amount of time spent litigating this case. The claimed hourly rates are reasonable compared to both the issues presented in this particular case and the hourly rates typically used for this type of work in this District. The total number of hours spent remanding this case to state court, however, appears excessive. Although every case obviously presents its own factual circumstances, district courts across this Circuit hesitate to reimburse plaintiffs' attorneys for more than about 30 hours spent on relatively uncomplicated motions to remand. *See, e.g., Alexander v. Amchem Prods., Inc.*, No. 07 Civ. 6441, 2008 WL 1700157, at *8 (S.D.N.Y. Apr. 3, 2008) (using an across-the-board percentage reduction to compensate counsel for a total of 21 hours of work on a remand motion); *Greenidge v. Mundo Shipping Corp.*, 60 F. Supp. 2d 10, 13 (E.D.N.Y. Aug. 11, 1999) (applying a 35% across-the-board reduction to compensate counsel for a total of 33.25 hours); *Mattice v. ITT Hartford Ins. Group*, 837 F. Supp. 499, 501 (N.D.N.Y. 1993) (compensating counsel for 13.9 hours "considering the nature of the remand motion"). Under these circumstances, this Court will apply a 30% across-the-board reduction to the hours that plaintiff has claimed. This reduction

results in a total of 26.95 hours spent on the remand motion. Since 94% of the original 38.5 hours claimed were billed at $175 per hour while 6% of the hours were billed at $125 per hour, the Court will multiply a weighted-average hourly rate of $172 per hour by 26.95 hours to arrive at a final attorney fee award of $4,635.40. Adding the $345.02 claimed for costs yields a final award of $4,980.42.

## CONCLUSION

For all of the foregoing reasons, plaintiff is awarded $4,980.42 in costs and fees in connection with the motion to remand. The Clerk of the Court is directed to close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 25 , 2010